Farley v. The State.

Filed March 13, 1891.

———————◆———————

No. 15,990.

## FARLEY v. THE STATE.

CRIMINAL LAW.—Burglary.—Value of Goods Stolen.—Evidence.—On an indictment for burglary with intent to steal it is not error to admit proof of the value of the goods stolen, though such proof is unnecessary.

SAME.—Instruction.—Presumption of Innocence.—It is error to refuse the request of the defendant for an instruction that the presumption of innocence prevails throughout the trial, and that it is the duty of the jury, if possible, to reconcile the evidence with this presumption.

From the Hamilton Circuit Court.

D. W. Patty and W. R. Fertig, for appellant.

A. G. Smith, Attorney General, S. D. Stuart, Prosecuting Attorney, and J. F. Neal, for the State.

OLDS, C. J.—This is a prosecution against the appellant by affidavit and information charging him with the crime of burglary.

There was a trial, resulting in a verdict of guilty, and the sentence of the appellant to five years' imprisonment. Various questions are properly presented by the record.

The first alleged error complained of and discussed is that the court permitted the State to prove, over the objection of the appellant, the value of the goods taken from the building.

The affidavit and information properly charged the breaking and entering of a storehouse with intent to steal, take and carry away divers goods, etc., though it charged no value of the goods. There is no available error in the admission of this testimony. It was necessary to show that the breaking and entering was done with intent to commit the particular felony charged, and it was proper to prove that the larceny was actually committed. While not necessary to prove the value of the goods stolen, yet it was not error to admit proof of their value.

The appellant asked the court to give certain instructions, which were refused and exceptions reserved.

The sixth instruction asked and refused is as follows:

" Sixth. The defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and this presumption prevails until the close of the trial, and you should weigh the evidence in the light of this presumption, and it should be your endeavor to reconcile all the evidence with this presumption of innocence, if you can."

The court gave general instructions to the effect that the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, but no instruction was given

Farley *v.* The State.

embracing the principle stated in the sixth instruction asked, to the effect that the presumption of innocence prevails throughout the trial, and that it was the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence, if they could do so.

It is a well settled principle in criminal law that the defendant enters upon the trial clothed with the presumption of innocence, and that this presumption remains with the defendant throughout the trial, and it is the duty of the jury, if it can be consistently done, to reconcile the evidence upon the theory that the defendant is innocent; but if this can not be done, and the evidence so strongly tends to establish the guilt of the defendant as to remove all reasonable doubt of his guilt, then it is the duty of the jury to convict.

When the court is requested at the proper time to so instruct the jury to this effect, it is the duty of the court to do so.

The sixth instruction is a proper enunciation of the law, and should have been given, and the court erred in refusing to do so.

In 1 Bishop Criminal Procedure, section 1104, it is said: "As we have already seen, the burden of proof is with the prosecuting power, not only when the trial begins, but throughout; for the presumption of innocence, which makes it so at first, keeps it so to the end." See *Castle* v. *State,* 75 Ind. 146; *Aszman* v. *State,* 123 Ind. 347.

For the error in refusing to give this instruction the judgment must be reversed.

The other questions presented in the case may not arise on a re-trial of the cause, and hence we do not pass upon them.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial.

The clerk will issue the proper notice for the return of the prisoner.

Filed March 13, 1891.