**Donty Ledel SIMMONS,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–776A181.

Court of Appeals of Indiana,
Third District.

Feb. 6, 1979.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Donty Ledel Simmons was tried by jury and convicted of burglary. Simmons tendered an instruction which stated in pertinent part:[1]

"The law presumes the defendant to be innocent of the crime charged, and this presumption continues in his favor throughout the trial of this cause.

"It is your duty, if it can be reasonably and conscientiously done to reconcile the evidence upon the theory that the defendant is innocent and you cannot find the defendant guilty of the crime charged in the affidavit, unless the evidence satisfies you beyond a reasonable doubt of his guilt."

The court rejected this instruction. While it instructed the jury on the requirement of proof beyond a reasonable doubt, no instruction mentioned or attempted to define the presumption of innocence.[2] We find this constitutes reversible error.

Our Supreme Court's early decision in *Farley v. State* (1891), 127 Ind. 419, 26 N.E. 898, held it necessary upon request to advise the jury that the presumption of innocence continues throughout the trial, and that it is

---

6. Credit should be given for the $1,000 previously paid.

1. The balance of the instruction correctly stated the law dealing with proof beyond a reasonable doubt, but that portion was adequately covered by other instructions.

2. The court's instruction on circumstantial evidence stated, "You should not find a defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence." *Contrary to the state's argument,* we do not agree that this alone was sufficient to advise the jury of the presumption of innocence.

the jury's duty to reconcile the evidence upon the theory of defendant's innocence if they can do so. *See also Ridge v. State* (1923), 192 Ind. 639, 137 N.E. 758.

More recently the United States Supreme Court found upon the facts a violation of a defendant's right to due process under the Fourteenth Amendment where the court instructed on the burden of proof beyond a reasonable doubt, but refused to instruct on the presumption of innocence. *Taylor v. Kentucky* (1978), 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468.

Drawing upon Wigmore in explaining why the jury should be instructed upon both the presumption of innocence and the burden of proof beyond a reasonable doubt the Court stated,[3]

> "Nevertheless, these same scholars advise against abandoning the instruction on the presumption of innocence, even when a complete explanation of the burden of proof beyond a reasonable doubt is provided. J. Thayer, *supra*, at 571–572; J. Wigmore, *supra*, at 407; C. McCormick, *supra*, at 806. See also Model Penal Code § 1.12(1). This admonition derives from a perceived salutary effect upon lay jurors. While the legal scholar may understand that the presumption of innocence and the prosecution's burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on the presumption of innocence. Wigmore described this effect as follows:
>
> > '. . . [I]n a criminal case the term [presumption of innocence] does

convey a special and perhaps useful hint over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, nothing but the evidence, i. e., no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases. . . .' J. Wigmore, *supra* at 407."

98 S.Ct. 1934, 1935.

Accordingly, it was error to refuse an instruction on the presumption of innocence.

The conviction is reversed with instructions to grant the defendant a new trial.

STATON and HOFFMAN, JJ., concur.

---

**3.** The treatises referred to in the quotation are: J. Thayer, *A Preliminary Treatise on Evidence* 551–576 (1896); 9 J. Wigmore, *Evidence* § 2511 (3d ed. 1940); C. McCormick, *Evidence* 805–806 (2d ed. 1972).