Timothy L. ROBEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 482S153.

Supreme Court of Indiana.

Oct. 24, 1983.

Malcolm G. Montgomery, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Timothy L. Robey, was convicted following a trial by jury of the crime of voluntary manslaughter, a class B felony, in the beating and kicking death of a man with whom he shared quarters. He was given an eighteen year sentence, and now appeals on two grounds, namely: (1) that the trial court erred in refusing to give a defense instruction regarding the presumption of innocence and the jury's duty to

reconcile the evidence upon the theory of his innocence, and (2) that the trial court abused its discretion in choosing eighteen years as a sentence.

### I.

Appellant tendered, and the trial judge refused to give, Defense Jury Instruction Number Eight which reads as follows:

"The law presumes the defendant to be innocent of the crime charged, and this presumption continues in his favor throughout the trial of this cause. It is your duty, if it can be reasonably and conscientiously done to reconcile the evidence upon the theory that the defendant is innocent, and you cannot find the defendant guilty of the crime charged in the information unless the evidence satisfies you beyond a reasonable doubt of his guilt."

An instruction of this character which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, must be given if requested. *Farley v. State,* (1891) 127 Ind. 419, 26 N.E. 898; *Simmons v. State,* (1979) 179 Ind.App. 342, 385 N.E.2d 225. Appellant contends that the instructions actually given, unlike his own, were deficient in that they did not mention the duty of the jury to reconcile the evidence upon the theory of his innocence, if they could do so.

In answer to this contention the Attorney General has set forth in full in the State's brief, the trial court's own Instructions 8, 18, and 20 for consideration of the Court in support of its contention that such instructions actually given adequately stated the law regarding the aforesaid duty of the jury. Of particular salience are the following statements within these instructions:

"Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the defendant guilty of each essential element of the crime charged, beyond a reasonable doubt.

The defendant is not required to present any evidence to prove his innocence or to prove or explain anything."

"You should attempt to fit the evidence to the presumption that the defendant is innocent. . . ."

"If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt."

We agree with the Attorney General, that the instructions given adequately directed the jury to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence. Since the instructions given were the equivalent of Defense Instruction Eight, there was no error in refusing to give it. *Davis v. State,* (1976) 265 Ind. 476, 355 N.E.2d 836.

### II.

Appellant next challenges his eighteen year sentence as an abuse of discretion and manifestly unreasonable. A sentence is manifestly unreasonable only where no reasonable person could find it appropriate to the particular offense and offender. Indi-

ana Rules for the Appellate Review of Sentences. Voluntary manslaughter is a class B felony, for which the standard presumptive sentence is imprisonment for ten years, to which may be added an additional period of up to ten years for aggravating circumstances. Ind.Code § 35–42–1–3; Ind.Code § 35–50–2–5.

In imposing the sentence, the judge noted appellant's prior convictions within a two year period of drunk and disorderly, mischief and trespass, and drunk. He also noted that at the time of this offense appellant was facing a pending burglary charge. These convictions and the pendency of an unproven burglary charge tend to establish a reckless and destructive quality uncurbed by confrontations with police officers and the courts. The instant offense involved the intentional taking of a human life, that of an elderly man as he sought to prevent appellant from stealing from him. Appellant brutally beat and kicked the man, causing multiple facial and rib fractures and soft tissue contusions. Death was due to asphyxiation resulting from the fracture and crushing of the larynx. Given the extreme extent to which his uncontrollable violent bent and disregard for others took him in this case, we are unable to say that no reasonable person could find this eighteen year sentence appropriate. It is therefore not manifestly unreasonable.

The judgment is therefore affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.