**FOR PUBLICATION**



**FILED**

Mar 05 2013, 8:31 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

NELSON JULIAN SANTIAGO,              )
                                     )
    Appellant-Defendant,             )
                                     )
       vs.                       )    No. 45A03-1207-CR-304
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1008-FB-82

**March 5, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Nelson Julian Santiago appeals his conviction of neglect of a dependent, a Class A felony. Santiago raises one issue: whether the trial court abused its discretion in refusing to give his proposed jury instruction regarding the presumption of innocence. Concluding that the trial court did not abuse its discretion, we affirm the conviction.

## Facts and Procedural History

On July 28, 2012, Santiago called emergency personnel after finding his four-month old daughter, Juliana, unresponsive while she was in his care. She was transported to the hospital, where doctors discovered that she had sustained subdural hematoma (bleeding in the brain). She died a few days later.

Santiago was charged with battery, aggravated battery, neglect of a dependent, and murder in connection to Juliana's death. During the jury trial, both sides relied on expert testimony. The State's witness testified that in her opinion, Juliana had died from "abusive head trauma" or "shaken baby syndrome." Transcript at 433, 461. Santiago relied on expert testimony to argue that the hematoma could have been the result of a coagulation disorder similar to the one Juliana's mother had or that it could have been caused by an automobile accident Juliana had been in a few months earlier.

Prior to jury deliberations, Santiago submitted a jury instruction regarding the presumption of innocence. The trial court refused to give it. The jury returned a mixed verdict, finding Santiago not guilty of murder but guilty of neglect of a dependent and not reaching a verdict on the battery counts. The trial court convicted Santiago of a single count of neglect of a dependent as a Class A felony and sentenced him to forty years imprisonment. Santiago now appeals. Additional facts will be provided when necessary.

## Discussion and Decision

### I. Standard of Review

The decision to give or deny a tendered jury instruction is largely left to the sound discretion of the trial court. St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis, 783 N.E.2d 274, 282 (Ind. Ct. App. 2002). We review the trial court's decision only for an abuse of that discretion. Johnson v. Wait, 947 N.E.2d 951, 957-58 (Ind. Ct. App. 2011), trans. denied. On review of a trial court's decision to refuse a proposed jury instruction, we consider whether the instruction (1) correctly states the law, (2) is supported by the evidence, and (3) is covered in substance by other instructions. Id. at 958. "We consider jury instructions as a whole and in reference to each other and do not reverse the trial court . . . unless the instructions as a whole mislead the jury as to the law in the case." Lyles v. State, 834 N.E.2d 1035, 1048 (Ind. Ct. App. 2005), trans. denied (internal quotes and citations omitted).

### II. Jury Instructions

Santiago contends that the trial court abused its discretion when it refused to give the jury the following instruction:

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt the interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.
> You will notice that this rule applies only when both of the two possible opposing conclusions appears to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to the defendant's

3

guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.

Appellant's Appendix at 211. Santiago notes that the denied instruction was taken from Robey v. State, 454 N.E.2d 1221, 1222 (Ind. 1983). In that case, the trial court had denied an instruction proposed by the defendant and instead given its own instructions, which included, in part, the instruction proposed by Santiago and denied by the trial court in this case. Id. In its opinion, our supreme court stated:

> [a]n instruction of this character which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, must be given if requested.

Id. Yet, despite the trial court having denied the jury instruction at issue, the supreme court held that there was no error because the instructions given "adequately directed the jury to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence." Id.

Like Robey, a consideration of the jury instructions in this case taken as a whole demonstrates that the jury was properly instructed to presume the defendant innocent and demand that the State produce strong and persuasive evidence of guilt wholly at odds with innocence. The relevant portions of the jury instructions given by the trial court follow:

> . . . it is a fundamental concept in our law that the defendant comes into court presumed to be innocent of the charges; and this presumption remains throughout the trial of the case until and unless it is overcome by competent proof of guilt beyond a reasonable doubt.
> Since a defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence or to prove or to explain anything. If

4

at the conclusion of the trial there remains in your mind a reasonable doubt concerning the defendant's guilt, you should find him not guilty.

The burden is upon the State to prove beyond a reasonable doubt that the defendant is guilty of the crimes charged. It is a strict and heavy burden. The evidence must overcome any reasonable doubt concerning the defendant's guilt, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.

A reasonable doubt is a fair, actual, and logical doubt based upon reason and common sense. Reasonable doubt exists when you are not firmly convinced of the defendant's guilt, after you have weighed and considered all the evidence.

A defendant must not be convicted on suspicion or speculation. It is not enough for the State to show that the defendant is probably guilty. On the other hand, there are very few things in this world that we know with absolute certainty. The State does not have to overcome every possible doubt.

The State must prove each element of the crimes charged by presenting evidence that firmly convinces each of you and leaves no reasonable doubt. The proof must be so convincing that you can rely and act upon it in this matter of the highest importance.

If you find that there is a reasonable doubt that the defendant is guilty of the crime, you must give the defendant the benefit of that doubt and find the defendant not guilty of the crime under consideration. Your verdict must be unanimous.

Appellant's App. at 198-99.

A panel of this court has stated that Robey simply requires instructing the jury that it should fit the evidence to the presumption that a defendant is innocent. Simpson v. State, 915 N.E.2d 511, 520 (Ind. Ct. App. 2009), trans. denied. The instructions given by the trial court in this case—considered as a whole and in reference to each other—did that. The court informed the jury that a person charged with a crime is to be presumed innocent, that the presumption of innocence remains throughout the trial, and that to overcome this presumption of innocence, the State was required to prove guilt beyond a reasonable doubt. The trial court also instructed the jury on the definition of reasonable doubt and informed the jury that if there was a reasonable doubt that Santiago was guilty,

they should give him the benefit of that doubt and find him not guilty of the crime. Thus, the trial court did not err in instructing the jury.

Santiago also relies upon the case of Lee v. State, 964 N.E.2d 859 (Ind. Ct. App. 2012), trans. denied. In Lee, a panel of this court reversed the defendant's convictions because the jury instructions did not adequately inform the jury to reconcile the evidence upon the theory of the defendant's innocence if possible. Id. at 865. In that case, however, as Santiago himself admits, the instructions were less detailed than the ones given by the court here. Further, in Lee, it does not appear that the jury was instructed that the presumption of innocence prevails throughout the trial, as the jury was here. See id. at 864. Thus, while the court in Lee found that the distinction between the concepts of the presumption of innocence and the reasonable doubt burden warranted a reversal in that case, the more detailed instructions given in this case adequately explained both concepts.[1]

Finally, we note that the jury instructions in this case appear to be based on the Indiana Pattern Jury Instructions. See Tr. at 848-49. The preferred practice in Indiana is to use pattern jury instructions. Buckner v. State, 857 N.E.2d 1011, 1016 (Ind. Ct. App. 2006). In sum, taken as a whole, the instructions given by the trial court regarding the

---

[1] Santiago also argues that because this case was based on a so-called "battle of experts," the proposed instruction was even more relevant. Brief of Appellant at 9. However, in addition to adequately addressing the presumption of innocence, the trial court gave a detailed instruction regarding the evidence and witness testimony, which included, in part, the following: "If you find conflicting testimony, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said or only part of it or none of it." Appellant's App. at 200. The court also told the jury "to consider the instructions as a whole." Id. at 207. The court was not required to mention the presumption of innocence in the same instruction it addressed conflicting testimony.

6

presumption of innocence properly conveyed the law to the jury and, thus, the court did not abuse its discretion when it refused to give Santiago's proposed instruction.[2]

Conclusion

The trial court did not abuse its discretion when it refused to give Santiago's proffered jury instruction regarding the presumption of innocence. We therefore affirm his conviction.

Affirmed.

MAY, J., and PYLE, J., concur.

---

[2] While we find no error in this case, we reject the State's argument that if there had been an error in the jury instructions it was cured by Santiago's closing arguments. While any misstatements of law during closing arguments are presumed cured by final jury instructions, Hudgins v. State, 451 N.E.2d 1087, 1091 (Ind. 1983), the opposite is not true, especially in light of the court's instruction to the jury that "[t]he Court's instructions are your best source in determining the law," Appellant's App. at 197.