# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 04 2013, 9:25 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT LAWRENCE ALBORES, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1207-CR-327 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1009-MR-12

**April 4, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Robert Lawrence Albores, Jr., appeals his conviction of murder, a felony. Albores raises one issue for our review: whether the trial court abused its discretion by refusing to give his proposed jury instruction regarding the presumption of innocence. Concluding that the trial court did not abuse its discretion, we affirm the conviction.

## Facts and Procedural History

Albores and the victim in this case, Michael Miranda, got along with no problems for several years. However, in 2008, Albores's cousin was shot and killed. Albores believed Miranda was involved in the shooting. On July 22, 2010, Albores and Miranda found themselves stopped at an intersection at the same time. Albores fired several shots at Miranda and drove away. Miranda died five days later.

Albores was charged with murder and criminal gang activity. During the jury trial, the State presented evidence that Albores and Miranda were members of rival street gangs and argued that Albores shot Miranda in retaliation for his cousin's death in 2008. Albores testified at trial and denied being part of a gang. He did not deny he shot Miranda, but claimed he did so out of fear for his life. He described a turbulent relationship between the parties and a history of shootings that had allegedly occurred during the two years prior to the shooting that led to Miranda's death. The jury was instructed on both self-defense and the lesser included offense of reckless homicide. The jury returned a verdict of guilty on the murder charge and not guilty on the criminal gang activity charge. The trial court sentenced

Albores to a fifty-five year term of imprisonment. Albores now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Standard of Review

The manner of instructing a jury is left to the sound discretion of the trial court. Stringer v. State, 853 N.E.2d 543, 548 (Ind. Ct. App. 2006). We review the trial court's decision only for an abuse of that discretion. Id. On review of a trial court's decision to refuse a proposed jury instruction, we consider whether the instruction (1) correctly states the law, (2) is supported by the evidence, and (3) is covered in substance by other instructions that are given. Id. "We consider jury instructions as a whole and in reference to each other and do not reverse the trial court . . . unless the instructions as a whole mislead the jury as to the law in the case." Lyles v. State, 834 N.E.2d 1035, 1048 (Ind. Ct. App. 2005) (internal quotes and citations omitted), trans. denied.

### II. Jury Instructions

The trial court refused to give the following jury instruction tendered by Albores:

> Under the law of this state, a person charged with a crime is presumed to be innocent. This presumption continues in favor of the accused throughout the trial of this cause. To overcome the presumption of innocence, the State must prove the Defendant guilty of each essential element of the crime charged, beyond a reasonable doubt.
> The Defendant is not required to present any evidence to prove his/her innocence or to prove or explain anything.
> You should attempt to fit the evidence to the presumption the Defendant is innocent.

> If the evidence in this case is susceptible of two (2) constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the Defendant, and the other to his/her innocence, it is your duty, under the law, to adopt that interpretation which is consistent with the Defendant's innocence, and reject that which points to his guilt.

Appellant's Appendix at 100. Albores argues that the refusal of this instruction was an abuse of discretion. We disagree.

Albores notes that the rejected jury instruction is identical to the instruction rejected by the trial court in Lee v. State, 964 N.E.2d 859 (Ind. Ct. App. 2012), trans. denied, and in that case, a panel of this court found an abuse of discretion for denying the instruction, id. at 865. However, the focus is not just on the rejected instruction but also on the jury instructions in fact given. Even if an instruction is a correct statement of the law and finds support in the evidence, a trial court may in its discretion refuse to give it if it is covered in substance by other instructions. O'Connell v. State, 970 N.E.2d 168, 173-74 (Ind. Ct. App. 2012).

In Robey v. State, 454 N.E.2d 1221 (Ind. 1983), upon which the ruling in Lee was predicated upon, the trial court denied an instruction proposed by the defendant and instead gave its own instructions, which included, in part, the instruction proposed by Albores and denied by the trial court in this case, id. at 1222. In its opinion, our supreme court stated:

> [a]n instruction of this character which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, must be given if requested.

Id. Yet, despite the trial court having denied the jury instruction at issue, the court held there was no error because the instructions given "adequately directed the jury to receive and

4

evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence." Id.

As in Robey, a consideration of the jury instructions in this case—taken as a whole and in reference to each other—demonstrates that the jury was properly instructed to presume the defendant innocent and demand that the State produce strong and persuasive evidence of guilt wholly at odds with innocence. The relevant portions of the jury instructions given by the trial court follow:

> . . . it is a fundamental concept in our law that the defendant comes into court presumed to be innocent of the charges; and this presumption remains throughout the trial of the case, until and unless it is overcome by competent proof of guilt beyond a reasonable doubt.
> Since the defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence or to prove or explain anything. If at the conclusion of the trial there remains in your mind a reasonable doubt concerning the defendant's guilt, you should find him not guilty.
> To this Amended Information the defendant has entered pleas of not guilty.
> Upon the issues thus joined, the burden rests upon the State of Indiana to prove to each of you, beyond a reasonable doubt, every essential element of the charges contained in the amended information.
> The Amended Information which has been filed against the defendant is merely the formal method of charging the defendant, and the charges must be proven by the evidence introduced during this trial.
> The burden is upon the State to prove beyond a reasonable doubt that the defendant is guilty of the crimes charged. It is a strict and heavy burden. The evidence must overcome any reasonable doubt concerning the defendant's guilt. But it does not mean that a defendant's guilt must be proved beyond all possible doubt.
> A reasonable doubt is a fair, actual and logical doubt based upon reason and common sense. A reasonable doubt may arise either from the evidence or from a lack of evidence. Reasonable doubt exists when you are not firmly convinced of the defendant's guilt, after you have weighed and considered all the evidence.

5

A defendant must not be convicted on suspicion or speculation. It is not enough for the State to show that the defendant is probably guilty. On the other hand, there are very few things in this world that we know with absolute certainty. The State does not have to overcome every possible doubt.

The State must prove each element of the crimes by evidence that firmly convinces each of you and leaves no reasonable doubt. The proof must be so convincing that you can rely and act upon it in this matter of the highest importance.

If you find that there is a reasonable doubt that the defendant is guilty of the crime, you must give the defendant the benefit of that doubt and find the defendant not guilty of the crime under consideration.

Appellant's App. at 141-43. Thus, the court informed the jury that a person charged with a crime is to be presumed innocent, that the presumption of innocence remains throughout the trial, and that to overcome this presumption of innocence, the State was required to prove guilt beyond a reasonable doubt. The trial court also instructed the jury on the definition of reasonable doubt and informed the jury that if there was a reasonable doubt that Albores was guilty, they should give him the benefit of that doubt and find him not guilty of the crime. The rejected instruction was covered in substance by these instructions, and thus the trial court did not abuse its discretion.[1]

---

[1] Albores also argues that because the jury was presented with evidence regarding gang-related violence involving both the defendant and the victim, the evidence was "clearly susceptible of two (2) constructions or interpretations [revenge versus self-defense], each of which appears . . . reasonable" and thus the proposed instruction was "particularly appropriate here." Brief of Appellant at 9 (citation omitted). However, in addition to adequately addressing the presumption of innocence, the trial court gave a detailed instruction regarding the evidence and witness testimony, which included, in part, the following:

If you find conflicting testimony, you may have to decide what testimony you will believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

The quantity of evidence or the number of witnesses need not control your determination of the truth. You should give the greatest value to the evidence you find most convincing.

Appellant's App. at 144. The court also told the jury "to consider all the instructions as a whole." Id. at 149. The court was not required to mention the presumption of innocence in the same instruction addressing conflicting evidence.

6

Our holding is further supported by several recent cases decided by this court. In Simpson v. State, 915 N.E.2d 511 (Ind. Ct. App. 2009), trans. denied, a panel of this court found that the trial court did not abuse its discretion by denying an instruction similar to the instruction rejected here and stated that Robey simply requires instructing the jury that it should fit the evidence to the presumption that a defendant is innocent, id. at 520.[2] In Smith v. State, 981 N.E.2d 1262 (Ind. Ct. App. 2013), another panel of this court relied upon Simpson and similarly found no reversible error when the trial court rejected a proposed instruction similar to the one rejected here, because the jury was properly instructed that it should fit the evidence to the presumption that a defendant is innocent, id. at 1269. And in Santiago v. State, 2013 WL 796066, at *1 (Ind. Ct. App., March 5, 2013), this court once again held that the trial court did not abuse its discretion by refusing to give the defendant's proposed jury instruction, id. at *3. The instructions given in that case appear to be nearly identical to the instructions given by the trial court here. See id. at *2-3. While in both

---

[2] The Simpson court also stated that the defendant's proposed jury instruction was incomplete. 915 N.E.2d at 520. In Simpson, the defendant, like Albores, had tendered a jury instruction that included the first but not the second of the following two paragraphs taken from the instructions given in Robey:

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.
> You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to the defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.

Id. at 519-20 (quoting Robey, 454 N.E.2d at 1222). The court found the first paragraph incomplete because it "failed to inform the jury that they could in fact conclude that one of the two opposing conclusions was unreasonable." Id. at 520; see also Matheny v. State, 983 N.E.2d 672, 680 (Ind. Ct. App. 2013) (holding that the first paragraph was incomplete without the following companion paragraph). Because we hold that the trial court's instructions considered as a whole

7

Santiago and this case, the jury was not explicitly instructed to reconcile the evidence with the presumption of innocence, the instructions, considered as a whole, properly conveyed this concept to the jury. Id. at *3. This differs from Lee, 964 N.E.2d at 859, the case relied upon by Albores, where the instructions given were less detailed and did not inform the jury that the presumption of innocence prevails throughout the trial, see id. at 864.

Finally, we note that, similar to the instructions in Santiago, the jury instructions given by the trial court here appear to be based on the Indiana Pattern Jury Instructions. See Transcript at 1129. While pattern jury instructions are not always upheld as correct statements of law, the preferred practice in Indiana is to use pattern jury instructions. Boney v. State, 880 N.E.2d 279, 294 (Ind. Ct. App. 2008), trans. denied.[3] In sum, because, taken as a whole, the instructions given by the trial court properly conveyed the law to the jury, the trial court did not abuse its discretion when it refused to give Albores's proposed instruction.

## Conclusion

The trial court did not abuse its discretion when it refused to give Albores's proffered jury instruction regarding the presumption of innocence. We therefore affirm his conviction.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

properly conveyed the law, we need not decide this issue.

[3] Albores, in his reply brief, states that the pattern instructions were revised in February of 2013 in response to Lee. However, this case was tried in 2012 and thus a 2013 revision has no bearing on the issue in this case.