## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH MATHENY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1207-CR-347 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-1203-FD-19814

**May 13, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**CRONE, Judge**

The State petitions for rehearing in *Matheny v. State*, 983 N.E.2d 672 (Ind. Ct. App. 2013), in which we affirmed Matheny's conviction for class D felony auto theft. In so doing, we concluded that although the trial court erred in refusing Matheny's tendered jury instruction regarding the jury's duty to conform the evidence to the presumption that the defendant is innocent, that error was harmless. *Id*. at 680-81. The State asks us to reconsider our conclusion that the trial court's refusal of Matheny's tendered instruction constituted error in light of *Santiago v. State*, No. 45A03-1207-CR-304, 2013 WL 796066 (Ind. Ct. App. Mar. 5, 2013), and *Albores v. State*, No. 45A03-1207-CR-327, 2013 WL 1341563 (Ind. Ct. App. Apr. 4, 2013). In each of those cases, another panel of this court concluded that the trial court did not err in refusing an instruction that was conceptually similar to that tendered by Matheny. We grant the State's petition solely to clarify that our holding does not conflict with the holdings in those cases, and we affirm our original opinion in all respects.

In *Robey v. State*, 454 N.E.2d 1221 (Ind. 1983), our supreme court held that "[a]n instruction … which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, *must be given if requested*." *Id*. at 1222 (emphasis added). However, the *Robey* court concluded that the trial court had not erred in refusing the defendant's tendered instruction because "the instructions given adequately directed the jury to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence." *Id*.; *see also Farley v.*

2

*State*, 127 Ind. 419, 26 N.E. 898, 899 (1891) (holding that it is necessary upon request to advise the jury that the presumption of innocence prevails until the close of trial and that it is the jury's duty to reconcile the evidence upon the theory of the defendant's innocence if they can do so).

Matheny's tendered Instruction No. 6 read,

> You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in the case.
> *You should attempt to fit the evidence to the presumption that the accused is innocent* and the theory that every witness is telling the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony you must determine which of the witnesses you will believe and which of them you will disbelieve.
> In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day to day living. The number of witnesses who testify to a particular fact, or the quantity of evidence on a particular point need not control your determination of the truth. You should give the greatest weight to that evidence which convinces you most strongly of its truthfulness.

Appellant's App. at 62 (emphasis added).

In its appellee's brief, the State argued that the trial court's Instruction No. 14 adequately expressed the concept that the jury should attempt to fit the evidence to the presumption that the accused is innocent, specifically directing our attention to the following: "Where proof of guilt is by circumstantial evidence only, it must be so conclusive and point so convincingly to the guilt of the accused that the evidence

3

excludes every reasonable theory of innocence." Appellant's App. at 82. We disagreed. *Matheny*, 983 N.E.2d at 680. Instruction No. 14 applies to circumstantial evidence only and does not speak to the jury's duty to weigh *all* the evidence and attempt to conform it to the presumption of innocence if possible. In other words, it did not convey to the jury the duty "to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent." *Robey*, 454 N.E.2d at 1222.

We reached the same conclusion in *Simmons v. State*, 179 Ind. App. 342, 385 N.E.2d 225 (1979). There, the defendant's tendered instruction read,

> The law presumes the defendant to be innocent of the crime charged, and this presumption continues in his favor throughout the trial of this cause.
>
> It is your duty, if it can be reasonably and conscientiously done to reconcile the evidence upon the theory that the defendant is innocent and you cannot find the defendant guilty of the crime charged in the affidavit, unless the evidence satisfies you beyond a reasonable doubt of his guilt.

*Id*. at 343, 385 N.E.2d at 225 (quotation marks omitted). The trial court's instruction on circumstantial evidence stated, "You should not find a defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence." *Id*. at 343 n.2, 385 N.E.2d at 225 n.2. The *Simmons* court concluded that "Contrary to the state's argument, we do not agree that this alone was sufficient to advise the jury of the presumption of innocence." *Id*., 385 N.E.2d at 225 n.2. In addition, the *Simmons* court concluded that the instruction given on reasonable doubt did not adequately define the presumption of innocence, explaining as follows:

> "(I)n a criminal case the term (presumption of innocence) does convey a special and perhaps useful hint over and above the other form of

4

the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, nothing but the evidence, i.e., no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases."

*Id*. at 344, 385 N.E.2d at 226 (quoting *Taylor v. Kentucky*, 436 U.S. 478, 484-85 (1978)).

Likewise here, the trial court's instruction on the burden of proof in Instruction No. 12, based on Indiana Pattern Jury Instruction No. 1.15, is insufficient to convey to the jury that "the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so." *Robey*, 454 N.E.2d at 1222.

We now turn to the instructions in *Santiago* and *Albores*. The *Santiago* court found that the concept that the jury should attempt to fit the evidence to the presumption that the accused is innocent was adequately covered by the trial court's instructions, which included detailed instructions on reasonable doubt, apparently based on Indiana Pattern Jury Instruction No. 1.15, as well as the following:

... it is a fundamental concept in our law that the defendant comes into court presumed to be innocent of the charges; and this presumption remains throughout the trial of the case until and unless it is overcome by competent proof of guilt beyond a reasonable doubt.

*Santiago*, 2013 WL 796066 at *2-3. *Albores* involved given instructions that were nearly identical to those given in *Santiago*. 2013 WL 1341563 at *2-3. The *Santiago* and *Albores* courts distinguished *Lee v. State*, 964 N.E.2d 859 (Ind. Ct. App. 2012), *trans.*

5

*denied*, in which we concluded that the trial court's refusal of the defendant's tendered jury instruction on the presumption of innocence resulted in reversible error. The *Santiago* and *Albores* courts explained that in *Lee*, the given instructions were not as detailed and *the jury was not instructed that the presumption of innocence prevails throughout the trial*. *Santiago*, 2013 WL 796066 at *3; *Albores*, 2013 WL 1341563 at *3.

As in *Lee*, the jury in this case was not instructed that the presumption of innocence prevails throughout the trial. Accordingly, we reach a different conclusion than *Santiago* and *Albores* because the instructions that the trial court gave the jury did not adequately convey the substance of Matheny's tendered instruction. It is worth noting that in response to *Lee*, Indiana Pattern Jury Instruction No. 1.13 on the presumption of innocence was amended such that, if requested by the defendant, then the jury should also be instructed as follows: "You should reconcile the evidence on the theory that the defendant is innocent if you can do so," or "You should fit the evidence to the presumption that the defendant is innocent if you can do so." However, before *Lee*, Indiana law required that "[a]n instruction … which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, must be given if requested." *Robey*, 454 N.E.2d at 1222. In this case, such an instruction was requested, refused, and not adequately covered by the given instructions, and therefore the trial court abused its discretion.

The State contends that, in contrast to *Santiago* and *Albores*, we used a "magic words" approach and failed to consider the entirety of the jury instructions to determine whether the substance of Matheny's tendered instruction was nevertheless adequately conveyed. Appellee's Pet. for Reh'g at 2. *See Walden v. State*, 895 N.E.2d 1182, 1186-87 (Ind. 2008) ("When evaluating the refusal of a tendered instruction, this Court is to determine whether the *substance* of the instruction was covered by other instruction, not whether other instructions contained the exact words."). To the contrary, we did consider the instructions the trial court gave the jury. The State's argument simply ignores the fact that the instructions given in this case were different from those given in *Santiago* and *Albores*.

The State also asserts that because we considered the instructions the trial court gave the jury in concluding that the error was harmless, it must follow that the presumption of innocence was adequately covered by the trial court's given instructions. We disagree. The State would be correct if all we considered were the given instructions, but that is not the case. We considered "the totality of the circumstances–including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors–to determine whether the defendant received a constitutionally fair trial." *Matheny*, 983 N.E.2d at 681 (quoting *Kentucky v. Whorton*, 441 U.S. 786, 789 (1979)).

Having clarified our holding, we affirm our original opinion in all respects.

KIRSCH, J., and MATHIAS, J., concur.

7