ATTORNEYS FOR APPELLANT
Thomas W. Vanes
Merrillville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Andrew A. Kobe
Brian L. Reitz
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
Mar 25 2015, 11:26 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 64S03-1408-CR-516

DUSTIN E. MCCOWAN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Porter Superior Court, No. 64D02-1109-MR-9107
The Honorable William E. Alexa, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A03-1305-CR-189

**March 25, 2015**

**Massa, Justice.**

Among the most fundamental precepts of American criminal justice is that the accused is presumed innocent until proven guilty beyond a reasonable doubt. Today we examine our holding in Robey v. State, 454 N.E.2d 1221 (Ind. 1983), and state unequivocally and prospectively that it

is the absolute right of every criminal defendant to receive the following jury instruction upon request: "The presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so." In this case, however, the jury instructions adequately encompassed these principles, which was the minimum required by prior precedent, and thus the trial court's failure to use this precise language was not error.

## Facts and Procedural History

Early one morning, Amanda Bach's car was found abandoned in a parking lot, prompting an extended search of the area.[1] Two days later, her body was found in a wooded area adjacent to railroad tracks, approximately three hundred yards from the home of defendant Dustin McCowan. After extensive investigation, McCowan was charged with Bach's murder.

Just before voir dire at McCowan's trial, the court instructed the prospective jurors:

> In a criminal case such as this, the defendant is presumed to be innocent of the charges that are brought against him, and the State of Indiana has the burden of overcoming this presumption of innocence and proving the defendant guilty beyond a reasonable doubt; and I will be discussing these concepts with you a little later in the proceedings.

Tr. at 15.

Once the jury was empaneled, the trial court gave its preliminary instructions, including, in relevant part, the following statements:

---

[1] A detailed recitation of the facts in this case is unnecessary, given the limited nature of our holding. We respectfully refer the reader to the Court of Appeals opinion below for additional details.

—You should keep an open mind. You should not form or express any conclusion or judgment about the outcome of [the] case until I submit the case to you for your deliberations. App. at 260.

—You are to consider all of these instruction[s] as a whole. Id. at 263.

—The filing of a charge or the Defendant's arrest is not to be considered by you as any evidence of guilt. Id. at 266.

—Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the Defendant guilty of each element of the crime charged, beyond a reasonable doubt. Id. at 267.

—The Defendant is not required to present any evidence to prove his innocence or to prove or explain anything. Id.

—The burden is upon the State to prove beyond a reasonable doubt that the Defendant is guilty of the crime or crimes charged. Id. at 268.

—A reasonable doubt is a fair, actual and logical doubt based upon reason and common sense. Id.

—Reasonable doubt exists when you are not firmly convinced of the Defendant's guilt, after you have weighed and considered all the evidence. Id.

—If you find there is a reasonable doubt that the defendant is guilty of the crime(s), you must give the Defendant the benefit of that doubt and find the Defendant not guilty of the crime under consideration. Id.

The trial court also told the jury: "You'll maintain copies of those [instructions] with you for your use throughout the trial." Tr. at 245. During the presentation of evidence, the judge further admonished the jury a total of twenty-nine times not to form any opinions or judgments until all of the evidence had been presented and the final jury instructions had been read. Tr. at 284–85, 345–46, 425, 459, 524, 579, 695, 765–66, 846–47, 932, 974, 1048, 1133, 1252, 1293, 1464, 1524, 1593, 1658, 1783, 1823, 1869–70, 1980, 2108, 2193, 2247, 2286, 2344, 2355.

Following the presentation of evidence, McCowan tendered the following to the court as his "Proposed Final Jury Instruction #1":

3

You should attempt to fit the evidence to the presumption that the accused is innocent.

If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.

App. at 297.[2] McCowan cited Robey, 454 N.E.2d at 1222, Simpson v. State, 915 N.E.2d 511, 519–20 (Ind. Ct. App. 2009), Lee v. State, 964 N.E.2d 859, 864 (Ind. Ct. App. 2012) and Smith v. State, 981 N.E.2d 1262 (Ind. Ct. App. 2013) as authority for the proposed instruction. App. at 297. The trial judge declined to give McCowan's proposed instruction, determining its substance was covered by other instructions. The trial court's final jury instructions were, in relevant part, identical to the preliminary jury instructions.

The jury found McCowan guilty as charged, and the court sentenced him to sixty years in prison. McCowan appealed, arguing the trial court erred in refusing his Proposed Final Jury Instruction #1, in admitting cell phone evidence pertaining to his location at the time of the murder, and in failing to recuse itself at sentencing based on certain *ex parte* communications. Our Court of Appeals affirmed in all respects. McCowan v. State, 10 N.E.3d 522 (Ind. Ct. App. 2014). We

---

[2] McCowan initially requested the same content in his fourth proposed jury instruction, but withdrew that request after the trial court denied inclusion of McCowan's proposed instruction #1. Tr. at 2401–02.

4

granted transfer in order to state precisely what jury instructions a criminal defendant is entitled to receive regarding the presumption of innocence.

**Standard of Review**

"The trial court has broad discretion as to how to instruct the jury, and we generally review that discretion only for abuse." Kane v. State, 976 N.E.2d 1228, 1231 (Ind. 2012). To determine whether a jury instruction was properly refused, we consider: "(1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and (3) whether the substance of the instruction was covered by other instructions that were given." Lampkins v. State, 778 N.E.2d 1248, 1253 (Ind. 2002). In doing so, "we consider the instructions 'as a whole and in reference to each other' and do not reverse the trial court 'for an abuse of that discretion unless the instructions as a whole mislead the jury as to the law in the case.'" Helsley v. State, 809 N.E.2d 292, 303 (Ind. 2004) (quoting Carter v. State, 766 N.E.2d 377, 382 (Ind. 2002).

**Discussion**

**A. The Trial Court Must Give a Jury Instruction Regarding the Presumption of Innocence Continuing Throughout Trial and Fitting Evidence to the Theory of Innocence if Requested.**

The Fourteenth Amendment requires the trial court to instruct the jury in criminal cases that the accused is presumed innocent until proven guilty beyond a reasonable doubt. See Carter v. Kentucky, 450 U.S. 288, 302 n.19 (1981) ("The Due Process Clause requires that instructions be given on the presumption of innocence and the lack of evidentiary significance of an indictment. . . . An instruction on the presumption of innocence has a 'salutary effect upon lay jurors,' and . . . 'the ordinary citizen well may draw significant additional guidance' from such an instruction." (quoting Taylor v. Kentucky, 436 U.S. 478, 484 (1978)). Failure to give a *requested* instruction on the presumption of innocence, however, is not in and of itself a violation of the

5

Constitution.  See Kentucky v. Whorton, 441 U.S. 786, 788–89 (1979); Bledsoe v. State, 274 Ind. 286, 292, 410 N.E.2d 1310, 1315 (1980).  Indeed, "the purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict."  Campbell v. State, 19 N.E.3d 271, 277 (Ind. 2014) (internal citations omitted).

### 1. The history of Indiana's jury instructions regarding the presumption of innocence

Indiana has long recognized the need in criminal cases for jury instructions that the accused is presumed innocent until proven guilty.  See Long v. State, 46 Ind. 582, 587 (1874) (finding reversible error where defendant received instruction on the State's burden to prove guilt beyond a reasonable doubt but not on the presumption of innocence).  The historical source for the content of that instruction is Farley v. State, 127 Ind. 419, 26 N.E. 898 (1891).  In Farley, the trial court refused to give the following instruction, requested by the defendant:

> The defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and this presumption prevails until the close of the trial, and you should weigh the evidence in the light of this presumption, and it should be your endeavor to reconcile all the evidence with this presumption of innocence if you can.

Id. at 420, 26 N.E. at 899.  Instead, the trial court gave "general instructions to the effect that the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt."  Id., 26 N.E. at 899.  The Farley Court determined the proffered instruction was "a proper enunciation of the law," and further held, "when the court is requested at the proper time to so instruct the jury to this effect, it is the duty of the court to do so."  Id. at 421, 26 N.E. at 899.  Chief Justice Olds's opinion in Farley relied upon Joel Prentiss Bishop's famed treatise on criminal procedure:  "The burden of proof is with the prosecuting power, not only when the trial begins, but throughout; for the presumption of innocence, which makes it so at first, keeps it so to the end."  Id. at 421, 26 N.E. at 899 (quoting 1 Joel Prentiss Bishop, Criminal Procedure, § 1104 (3d ed. 1880)).  The need for this tripartite instruction—namely:  (1) there is a presumption of innocence; (2) which continues throughout the trial; and (3) the jury should attempt to fit the evidence to the presumption that the Defendant is innocent—originally arose because the State was required "in the first instance to

make out only a *prima-facie* case against the defendant," and without a proper instruction explaining that the presumption continues throughout the trial, the burden of proof could then improperly shift to the defendant in the minds of the jury. See Bishop, Criminal Procedure, at § 1050.[3]

Over ninety years later, we reconsidered this issue in Robey v. State, 454 N.E.2d 1221 (Ind. 1983). In Robey, the defendant requested a jury instruction on the presumption of innocence with language similar to that approved in Farley, and the trial court rejected it. Id. at 1222. The Robey panel began its analysis by reiterating the rule in Farley, that "an instruction . . . which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, must be given if requested." Id. Robey then ruled, however, that the trial court had not abused its discretion in refusing the defendant's requested instruction, because the given instructions "adequately directed the jury to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence." Id. Robey thus simultaneously enunciated two conflicting requirements—a bright line rule, and a more flexible standard—without explanation of which was dicta and which was the rule.

---

[3] In fact, Bishop criticized an Indiana Supreme Court opinion for *actually* shifting the burden of proof to the defendant, through "language not nicely accurate." Bishop, Criminal Procedure, at § 1050 (citing Goetz v. State, 41 Ind. 162 (1872)). Bishop went on to provide a proper enunciation of the law:

> It is more exact, and it expresses the better doctrine, to say, that the *prima-facie* showing does not change the burden of proof, which remains with the prosecuting power to the end; the jury, to be authorized to convict, being required to take into the account all the evidence on both sides, including the presumptions, and to be affirmatively satisfied from it, with the certainty demanded by law, of the defendant's guilt.

Id. This Court would like to thank Senior Judge Shepard for his excellent discussion of this material in his concurrence in Simmons v. State, 999 N.E.2d 1005, 1014 (Ind. Ct. App. 2013).

## 2. Recent developments in precedent

Thereafter this issue was largely ignored, until it was resurrected before our Court of Appeals in Lee v. State, 964 N.E.2d 859 (Ind. Ct. App. 2012). In Lee, the defendant proffered a jury instruction which contained the three concepts from Farley and Robey regarding the presumption of innocence. Id. at 863. The trial court rejected the proposed instruction, finding its substance was adequately addressed by other instructions. Id. But the trial court then instructed the jury only as to the presumption of innocence, without mentioning the presumption continues throughout the trial or the jury should fit the evidence to the theory of innocence. Id. Finding this instruction inadequate and citing Robey's bright line rule, the Court of Appeals reversed Lee's conviction. Id. at 864–65.

After Lee, our Court of Appeals has been inundated with defendants challenging the adequacy of jury instructions they received on the presumption of innocence. See, e.g., Simmons v. State, 999 N.E.2d 1005 (Ind. Ct. App. 2013); Brakie v. State, 999 N.E.2d 989 (Ind. Ct. App. 2013); Albores v. State, 987 N.E.2d 98 (Ind. Ct. App. 2013); Matheny v. State, 983 N.E.2d 672, on reh'g, 987 N.E.2d 1169 (Ind. Ct. App. 2013); Santiago v. State, 985 N.E.2d 760 (Ind. Ct. App. 2013); Smith v. State, 981 N.E.2d 1262 (Ind. Ct. App. 2013). In some instances, the Court of Appeals has determined that rejection of the defendant's proffered instruction was not an abuse of discretion, because the court instructed the jury on the presumption of innocence, and that the presumption continues throughout the trial. See Santiago, 985 N.E.2d at 763; Albores, 987 N.E.2d at 100–02. Other panels have found that instructing the jury on the presumption of innocence and fitting the evidence to that presumption was adequate. Smith, 981 N.E.2d at 1269; Simmons, 999 N.E.2d at 1011–12; Brakie, 999 N.E.2d at 996. Still another has held that it was error for the trial court to instruct the jury only as to the presumption of innocence, but that such error was harmless because defense counsel also referenced fitting the evidence to the theory of innocence in his closing argument. See Matheny, 983 N.E.2d at 681–82. Several of these opinions, including the opinion below in this case, also cite the more flexible standard from Robey as grounds to deviate from Farley/Robey's bright line rule. See, e.g., McCowan, 10 N.E.3d at 537; Albores, 987 N.E.2d at 100; Santiago, 985 N.E.2d at 762; Matheny, 987 N.E.2d at 1170.

While we commend our Court of Appeals for its consistently thoughtful opinions, we take this opportunity to resolve the conflicting language of <u>Robey</u>, so that our courts need not expend significant time and energy on this issue ever again.

### 3. A bright line going forward

We hereby confirm the bright-line rule approach that <u>Farley</u> and <u>Robey</u> suggest. A defendant in a criminal case is *per se* entitled to a jury instruction that the defendant is presumed innocent until proven guilty beyond a reasonable doubt. <u>Long</u>, 46 Ind. at 587; <u>Carter</u>, 450 U.S. at 302 n.19. In addition, the defendant is entitled to request the following jury instruction, and the trial court must give this instruction if requested: "The presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so." If the defendant adds to or varies this language in his request, inclusion of that variation remains within the discretion of the trial court, under the traditional three-prong analysis established by our jurisprudence.[4] <u>See Lampkins</u>, 778 N.E.2d at 1253.

---

[4] Of particular note are the following two paragraphs, which were part of the instruction approved by <u>Robey</u>, 454 N.E.2d at 1222:

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

> You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.

**B. Under Then-Existing Precedent, the Trial Court Did Not Commit an Abuse of Discretion in Rejecting McCowan's Proffered Jury Instruction.**

We now turn our attention to the instant matter. McCowan requested the jury be instructed to fit the evidence to the presumption that he was innocent. The trial court refused, asserting the proposed instruction was adequately addressed by the court's other instructions. The trial court was—barely—correct.

The trial judge's final instructions directly addressed only the first concept from <u>Farley</u> and <u>Robey</u>: the defendant is presumed innocent until proven guilty beyond a reasonable doubt. The trial court's preliminary and final instructions did, however, discuss the *principle* that the presumption of innocence continues throughout the trial. Specifically, the trial court instructed the jurors, "the filing of a charge or the Defendant's arrest is not to be considered by you as any evidence of guilt," app. at 266, 322; they should "keep an open mind" and not form any opinions or judgments until the case was submitted for deliberation, <u>id.</u> at 260; the State bears the burden to prove every element of the crime charged beyond a reasonable doubt, <u>id.</u> at 268, 330; the defendant is not required to present any evidence to prove or show his innocence, <u>id.</u> at 267, 329; and the jurors should make a determination only "after you have weighed and considered *all* the evidence." <u>Id.</u> at 268, 330 (emphasis added). This last instruction was given a total of thirty-one times during the course of the trial. Immediately following the reading of the preliminary jury instructions, the trial court also stated: "You'll maintain copies of those with you for your use *throughout the trial*." Tr. at 245 (emphasis added). And the trial court's instructions included the principle of fitting the

---

Several recent Court of Appeals opinions have examined proffered jury instructions which include some variation of the first paragraph without including the second; most panels have ruled either that such an instruction would be incomplete, or that its content was otherwise covered by the remaining instructions. <u>See, e.g.</u>, <u>Simpson</u>, 915 N.E.2d at 519–20; <u>Smith</u>, 981 N.E.2d at 1269; <u>Matheny</u>, 983 N.E.2d at 679–82; <u>Alborez</u>, 987 N.E.2d at 100–02. We agree. Inclusion of these paragraphs remains within the sound discretion of the trial court, and both paragraphs should be included together, if at all.

evidence to a theory of innocence by explaining that the jury "must give the Defendant the benefit of th[e] doubt" if it was reasonable to do so. App. at 268, 330.

Although the court's instructions were less exact than McCowan's proposed instructions, we find they satisfied the more general standard enunciated in Robey because, taken as a whole, they "adequately directed the jury to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence." Robey, 454 N.E.2d at 1222. Accordingly, we cannot say that the trial court committed an abuse of discretion in rejecting McCowan's proffered instruction, given the ambiguity in the law at the time. See Hampton v. State, 961 N.E.2d 480, 495 (Ind. 2012) (holding denial of post-conviction relief was not erroneous even though counsel failed to challenge trial court's rejection of proffered "reasonable theory of innocence" instruction, given the unfavorable state of the law at time of trial).

## Conclusion

Two passages of our ruling in Robey have proven to be in conflict. The first mandated the trial court include, upon request, a jury instruction as to the presumption of the accused's innocence continuing throughout the trial, and that the jury should fit the evidence to a theory of innocence if it was reasonable to do so. The second then undid this seemingly bright line rule, in favor of a flexible standard requiring that the jury instructions as a whole must discuss the same principles. Today we resolve that conflict in favor of the rule. We do not believe, however, that the trial court in this matter committed an abuse of discretion in providing jury instructions which satisfied the flexible standard of Robey, given the previous ambiguity in the law. In all other respects, we summarily affirm the holding of our Court of Appeals below, pursuant to Indiana Appellate Rule 58(A)(2).

Rush, C.J., and Dickson, Rucker, and David, JJ., concur.

11