■ MASSA, J.,
dissenting. •
In crafting a proper jury instruction for the term “dwelling,” the tidal court here was placed in a difficult position: either to rely exclusively on the text of the statute, or to further inform deliberations by incorporating the holding of White v. State, which unambiguously found that- where a person maintained personal belongings ■ in a house, and intended to take up residency in that house in the near future, it qualified as a “dwelling” for purposes of a burglary conviction, because any other result'would “defy logic.” 846 N.E.2d 1026, 1031 (Ind.Ct.App,2006), The majority finds that it was error for the trial court to incorporate- the holding of -White, because that panel considered a challenge to the sufficiency of the evidence supporting conviction, rather than the adequacy of a jury instruction. ' Op. at 1208-10.
I would not parse that difference quite so finely. In White, our Court of Appeals, in no uncertain terms, identified a set of circumstances where a “dwelling?’ would exist, even though that set - of 'circumstances was not identified within the statutory definition. -The trial court thus made the judgment call that White constituted an addition to the law in this1 area, and instructed the jury accordingly; I see no compelling reason to reverse the' trial court for its handling of the situation. If this Court wished to reject the holding of White, it could do so directly (rather' than declining to reach the issue by limiting its holding to the jury instruction), and sustain the adequacy of the jury instruction given based on the state of the law at that time. See, e.g., McCowan v. State, 27 N.E.3d 760, 766-67 (Ind.2015) (sustaining conviction where jury instructions were based on appellate interpretation of Supreme Court decisions, despite this Court also disapproving those decisions at the same time). I do not believe it -is appropriate or necessary, however, to reduce the level of burglary conviction here because of the trial court’s instruction that, per White,- this set of circumstances, if found, “is considered . a dwelling” rather than merely “could be ” so considered. Appellant’s App. at 596. I would thus find no reversible instructional error.
Moreover, nor would I revérse on sufficiency grounds as the Court of Appeals did below. The General'Assembly has-long provided gradations of' burglary, with home invasions punished more severely than break-ins of other buildings, such as empty businessés after hours, for a number of reasons easily imagined (including the risk of violence when a burglar surprises a homeowner, see, e.g., Wallace v. State, 486 N.E.2d 445 (Ind.1985)). This risk that someone, might be there justifies a more serious- charge, even if the risk is low in a particular situation. Indeed, you can live primarily at your home in the city, and if someone' breaks into your empty vacation lake cottage in the dead of winter, *1211 it is still a residential burglary, as- it is possible someone ■ might be ■ residing' or lodging there1. The same possibility certainly existed at the Hardwick’s 1 farm house prior to the completion of all renovations. It is not "that complicated.- Juries are perfectly capable of discerning a dwelling from a doctor’s office, and they did so in this case, with guidance from the trial court that was not so inappropriate ás to merit reversal by this Court.
I respectfully dissent.
RUSH, C.J., concurs.