## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2016, 8:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas W. Vanes
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Maurice Louis McCoy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 25, 2016 <br><br> Court of Appeals Case No. <br> 45A04-1512-CR-2349 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. <br> 45G01-1412-F3-20 |

**Bailey, Judge.**

# Case Summary

Maurice Louis McCoy ("McCoy") appeals his conviction for Robbery, as a Level 3 felony.[1] He presents the sole issue of whether the trial court abused its discretion in instructing the jury. We affirm.

# Facts and Procedural History

At around 5:30 p.m. on December 8, 2014, Thomas O'Neill ("O'Neill") left his home in Hammond, Indiana to walk to a nearby convenience store. Before O'Neill was able to reach his destination, three young men exited a gray SUV and confronted O'Neill. One demanded that O'Neill "give it up" and a second man pulled out a handgun and pointed it at O'Neill's stomach. (Tr. at 85.) Two of the men rifled through O'Neill's pockets and retrieved $60.00. The young man with the handgun boasted to O'Neill: "we're the new police around here now." (Tr. at 94.)

When the young men left, O'Neill ran to a nearby auto sales business, opened the door, and yelled for someone to call 9-1-1. The responding officer took O'Neill to a nearby street where four individuals had been detained. O'Neill identified three of the four men as the men who had robbed him, and they were arrested.

---

[1] Ind. Code § 35-42-5-1.

[4] McCoy and his companions were charged with Robbery[2] and tried in a jury trial. At the trial, O'Neill identified McCoy as the robber "on my right side, going through my pockets." (Tr. at 93.) McCoy was convicted as charged, and sentenced to ten years imprisonment. He now appeals.

# Discussion and Decision

[5] At the conclusion of the evidence, one co-defendant proffered an instruction and the other two joined in requesting that instruction, providing as follows:

> The indictment/information names multiple persons who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each Accused must be determined separately with respect to him/her, solely on the evidence, or lack of evidence, presented against him/her without regard to the guilt or innocence of anyone else. In addition, some of the evidence in this case was limited to one Accused. Let me emphasize that any evidence admitted solely against one Accused may be considered only as against that person and may not in any respect enter into your deliberations on any other accused.

(App. at 106.)

[6] The trial court elected to give the "multiple persons" instruction that the trial court considered "standard," as follows:

---

[2] The offense was elevated to a Level 3 felony because of the use of the handgun.

> Although the defendants are being tried jointly, you must give separate consideration to each defendant. In doing so, you must analyze what the evidence in the case shows with respect to each defendant. Each defendant is entitled to have his case decided on the evidence and the law applicable to him.

(Tr. at 350; App. at 53.)

[7] The trial court has broad discretion in instructing the jury; we generally review that discretion only for an abuse. *McCowan v. State*, 27 N.E.3d 760, 763 (Ind. 2015). In making a determination of whether an instruction was properly refused, we consider: (1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented to support giving the instruction; and (3) whether the substance of the instruction was covered by the instructions given. *Id.* at 763-64. We will consider the instruction as a whole, and will reverse only if the instructions as a whole mislead the jury as to the law in the case. *Id.* at 764.

[8] McCoy candidly acknowledges Indiana precedent contrary to his claim. *See Buie v. State*, 633 N.E.2d 250 (Ind. 1994), *abrogated on other grounds*. In *Buie*, our Indiana Supreme Court found an instruction substantially similar to that tendered by McCoy to be "at least arguably a correct statement of law." *Id.* at 255. However, the Court concluded that there was no error in the refusal of Buie's tendered instruction because another instruction was given that "conveyed to the jury that culpability is individual." *Id.*

[9] Upon acknowledging *Buie*, McCoy "urges this Court to re-examine the issue." Appellant's Br. at 6. According to McCoy, his tendered instruction was preferable to that given by the trial court because it used the term "accused" as opposed to "defendant," consistent with the terminology in the United States Constitution and the Indiana Constitution. McCoy argues that "defendant" unacceptably implies a need on the part of an accused to disprove, excuse or justify his conduct.

[10] Although McCoy expresses a preference for the term "accused" as opposed to "defendant," we are mindful that our standard of review focuses not upon an isolated choice of words but rather, whether the jury was misled as to the law in the case. *McCowan*, 27 N.E.3d at 764. Here, the instruction given conveyed to the jury the premise that culpability is individual, and we are not at liberty to "re-examine" the law with disregard for our Indiana Supreme Court's guidance. *Minor v. State*, 36 N.E.3d 1065, 1074 (Ind. Ct. App. 2015).

# Conclusion

[11] McCoy has not demonstrated an abuse of discretion in the trial court's instruction of the jury.

[12] Affirmed.

Riley, J., and Barnes, J., concur.