FILED

Mar 16 2017, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keenan J. P. Mardis, | March 16, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A05-1610-CR-2327 |
| v. | Appeal from the Elkhart Circuit Court |
| State of Indiana, | The Honorable Terry C. Shewmaker, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 20C01-1502-MR-1 |

**Najam, Judge.**

## Statement of the Case

[1] Keenan J.P. Mardis appeals his conviction for murder, a felony, following a jury trial. Mardis raises the following two issues for our review:

1.   Whether the State presented sufficient evidence to support his conviction.

2.   Whether the trial court committed fundamental error when it instructed the jury.

We affirm.

## Facts and Procedural History

On December 19, 2014, Mardis and others confronted Lenell Williams and Ontario Brown on Wagner Avenue in Elkhart, near the Washington Gardens apartments. One of Mardis' companions, Zirei Jackson, began to fight with Brown. During the fight, Mardis told Jackson to "take his belt when you knock him out." Tr. Vol. I at 139-40. Brown was wearing a designer belt worth about $300.

The fight between Jackson and Brown ended and the two groups began to walk away from each other. But then Mardis "came out of nowhere," "pulled a revolver," and "told [Brown] to give him his belt." *Id.* at 145. Brown refused. Mardis then shot Brown in the head and killed him.

The State charged Mardis with murder, a felony. At his ensuing jury trial, the court instructed the jury as follows, without objection from Mardis' counsel:

> Under the law of this state, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the Defendant guilty of each element of the crime charged, beyond a reasonable doubt.

The Defendant is not required to present any evidence to prove his innocence or to prove or explain anything.

Appellant's App. Vol. II at 60. The jury found Mardis guilty of murder and the court sentenced him to fifty-eight years in the Department of Correction. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

On appeal, Mardis first argues that the State failed to present sufficient evidence to support his conviction. In reviewing such claims, "we consider only the evidence and reasonable inferences most favorable to the convictions, neither reweighing evidence nor reassessing witness credibility." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). "We affirm the judgment unless no reasonable factfinder could find the defendant guilty." *Id.* Mardis' only argument on this issue is that the State failed to show that he was the person who shot and killed Brown.

We cannot agree. At trial, Williams testified that Mardis was the person who fatally shot Brown. Williams further testified that Mardis had told Jackson, during Jackson's scuffle with Brown, to get Brown's belt, which Mardis had then also demanded himself, at gunpoint, after the fight.

According to Mardis, Williams was not a reliable witness because "he gave a prior contradictory statement to police" in which he had initially stated that he did not know who had shot Brown. Appellant's Br. at 12. It is true that

Williams acknowledged that he had initially told police that he "didn't see anything" the night of the murder. Tr. Vol. I at 151-52. But Williams also clarified that he had not told the police the truth "the first day . . . [b]ecause [he] was scared" of Mardis. *Id.* at 150. However, after later talking to Brown's mother, Williams informed the police of what he had actually seen. *Id.* And Williams made clear in his testimony to the jury that "from just a few minutes after [he] saw [the murder] until [the trial he has] always said . . . Keenan" was the shooter. *Id.* at 151. Mardis' challenge to Williams' testimony on appeal simply seeks to have this court reweigh Williams' testimony and reassess his credibility, which we will not do.

### Issue Two: Jury Instruction

[9] Mardis also asserts that the trial court committed fundamental error when it instructed the jury on the presumption of innocence. As our supreme court has explained:

> Appellate courts may, on rare occasions, resort to the fundamental error exception to address on direct appeal an otherwise procedurally defaulted claim. However, fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, when the harm or potential for harm cannot be denied, and when the violation is so prejudicial to the rights of the defendant as to make a fair trial impossible.

*Shoun v. State*, 67 N.E.3d 635, 640 (Ind. 2017) (citations omitted). With respect to jury instructions, we usually consider: "(1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to

support giving the instruction; and (3) whether the substance of the instruction was covered by other instructions that were given." *McCowan v. State*, 27 N.E.3d 760, 763-64 (Ind. 2015) (citations omitted). We consider the instructions as a whole and do not reverse unless the whole of the instructions misled the jury as to the law in the case. *Id.* at 764.

[10] In *McCowan*, our supreme court declared:

> A defendant in a criminal case is *per se* entitled to a jury instruction that the defendant is presumed innocent until proven guilty beyond a reasonable doubt. In addition, the defendant is entitled *to request* the following jury instruction, and the trial court must give this instruction *if requested*: "The presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so." If the defendant adds to or varies this language in his request, inclusion of that variation remains within the discretion of the trial court, under the traditional three-prong analysis established by our jurisprudence.

*Id.* at 766 (emphases added; citations omitted).

[11] Here, again, the trial court instructed the jury as follows:

> Under the law of this state, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the Defendant guilty of each element of the crime charged, beyond a reasonable doubt.
>
> The Defendant is not required to present any evidence to prove his innocence or to prove or explain anything.

Appellant's App. Vol. II at 60. On appeal, Mardis does not challenge whether that language fails to instruct the jury that the defendant is presumed innocent until proven guilty beyond a reasonable doubt. Rather, he asserts, relying on *McCowan*, that that instruction was fundamental error because it did not also inform the jury that it was "required to maintain that presumption throughout the course of the trial." Appellant's Br. at 12.

[12] Mardis misunderstands *McCowan*. The court in *McCowan* was unambiguous: the defendant is entitled "to request" an instruction that the presumption of innocence continues in his favor throughout the trial, and the trial court must give that instruction "if requested." 27 N.E.3d at 766. But Mardis made no such request. Accordingly, the trial court had no burden to instruct the jury as Mardis alleges. *See id.* Indeed, Mardis' argument on this issue would remove the burden of requesting additional information on the presumption of innocence in the jury instructions from the defendant and place that burden on the trial court. *See, e.g.*, *Gibson v. State*, 51 N.E.3d 204, 212 (Ind. 2016) (stating that, to meet his burden to show fundamental error, the appellant must show that the trial court erred in not *sua sponte* raising the issue). Mardis' argument is contrary to *McCowan*. Accordingly, we cannot say that the trial court committed fundamental error when it instructed the jury, and we affirm Mardis' conviction for murder.

[13] Affirmed.

Bailey, J., and May, J, concur.