# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 25 2017, 7:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Elizabeth M. Littlejohn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Areryaunna Naikwett James, *Appellant-Defendant,* | July 25, 2017 |
| v. | Court of Appeals Case No. 71A03-1702-CR-380 |
| | Appeal from the St. Joseph Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Jeffrey L. Sanford, Judge |
| | Trial Court Cause No. 71D03-1506-F6-404 |

**Najam, Judge.**

## Statement of the Case

Areryaunna Naikwett James appeals her conviction for forgery, a Level 6 felony, following a bench trial. James presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

## Facts and Procedural History

On June 12, 2015, James and Tige Fennessee shopped for landscaping equipment at Weaver Ag and Lawn Equipment ("Weaver") in South Bend. Within five minutes of their arrival, James and Fennessee picked out a lawn mower, a trimmer, and a "backpack blower" that they wanted to purchase. Tr. at 14. Brett Kocsis, the general manager, assisted them with the purchases. James wrote a check purporting to be from MutualBank in the amount of $2,087.39 to Weaver. James' name was not on the check. Instead, the name on the check was Tracy Kring, and James had a temporary "paper ID" indicating that her name was Kring and that she lived on Oak Park Drive in South Bend. *Id.* at 15. After the purchase was complete, Weaver employees Tyler Grasso and Joe Dobransky loaded the equipment into a blue Chevy 1500 pickup truck for James and Fennessee.

The next day, on June 13, a man with the last name Peck arrived at Weaver driving the same blue Chevy 1500 pickup truck. Peck picked out "almost exactly the same equipment" for purchase as James and Fennessee had bought the day before. *Id.* at 20. Peck wrote a check from 1st Source Bank for the

purchase. Kocsis was suspicious of the circumstances of James' purchases the day before, so he decided to take the 1st Source Bank check Peck wrote to a nearby bank to convert it to a cashier's check. Kocsis instructed Dobransky to take his time loading the equipment onto Peck's truck while he went to the bank. After a manager at the 1st Source Bank told Kocsis that Peck's check could not be converted to a cashier's check, Kocsis called Dobransky and told him to unload the equipment from Peck's truck. Kocsis then returned to Weaver, took a photograph of the license plate on Peck's truck, and told Peck that Weaver could not accept his check as payment for the equipment. Peck told Kocsis that he would return later with cash or a credit card, but he did not return.

[4] Kocsis contacted officers with St. Joseph County Police Department to report the events of June 12 and 13, and he gave officers the license plate number of the blue Chevy 1500 truck. After an investigation, officers determined that the check James had written on June 12 was a forgery, as the check was not a legitimate check, did not include a valid account number, and did not have a watermark. Kocsis identified James in a photographic array as the woman who presented the MutualBank check with Kling's name on it in the amount of $2,087.39. In addition, officers determined that the truck belonged to Fennessee, and Fennessee told the officers that James was "the potential suspect" in their investigation. *Id.* at 55.

[5] The State charged James with counterfeiting, a Level 6 felony, and forgery, a Level 6 felony. Following a bench trial, the trial court dismissed the

counterfeiting charge and convicted James of forgery, a Level 6 felony. The trial court entered judgment of conviction and sentence accordingly. This appeal ensued.

## Discussion and Decision

[6] James contends that the State failed to present sufficient evidence to support her conviction. Our standard of review on a claim of insufficient evidence is well-established:

> When reviewing a claim that the evidence introduced at trial was insufficient to support a conviction, we consider only the probative evidence and reasonable inferences that support the trial court's finding of guilt. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007). We likewise consider conflicting evidence in the light most favorable to the trial court's finding. *Wright v. State*, 828 N.E.2d 904 (Ind. 2005). It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. *Drane*, 867 N.E.2d at 147. Instead, we will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000).

*Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011) (footnote omitted).

[7] To convict James of forgery, a Level 6 felony, the State was required to show that she, with intent to defraud, made, uttered, or possessed a written instrument in such a manner that it purported to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority. Ind. Code § 35-43-5-2 (2015).

James' sole contention on appeal is that the evidence is insufficient to prove her identity. We cannot agree.

[8] The State presented testimony from Kocsis, Dobransky, and Gresso that, shortly after the offense, they identified James from a photographic array. In addition, at trial, both Kocsis and Dobransky identified James as the woman who wrote the fake check for the equipment on June 12, 2015. James' contentions on appeal amount to a request that we reweigh the evidence or reassess the credibility of witnesses, which we cannot do. We conclude that the State presented sufficient evidence from which a reasonable fact-finder could conclude that James committed forgery. *See, e.g.*, *Mardis v. State*, 72 N.E.3d 936, 938 (Ind. Ct. App. 2017) (holding testimony of single witness sufficient to prove shooter's identity).

[9] Affirmed.

Kirsch, J., and Brown, J., concur.