## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 6:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary A. VanVleet,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 5, 2018

Court of Appeals Case No.
18A-CR-784

Appeal from the Johnson Superior Court

The Honorable Peter D. Nugent, Judge

Trial Court Cause No.
41D02-1611-F5-94

**May, Judge.**

[1] Gary A. VanVleet appeals his conviction of Level 5 felony operating a motor vehicle after forfeiture of license for life.[1] VanVleet asserts the evidence was insufficient to prove his identity as the person who drove the vehicle in question. We affirm.

## Facts and Procedural History

[2] Around 7:45 p.m. on November 20, 2016, Rosalie and Anthony Kepner went to a bar in Franklin, Indiana, to play darts. Rosalie was not drinking alcohol because she was the designated driver. As Rosalie waited for her turn at darts, her attention was drawn to a man at the bar who "was loud and angry, because the bartender wouldn't serve him." (Tr. Vol. 2 at 13.) That man was later identified as VanVleet.

[3] Around 8:30 p.m., Rosalie went outside to smoke a cigarette. To avoid the cold, she sat inside the Kepners' truck to smoke. "About two or three puffs into the cigarette, a truck started backing up towards [Rosalie's truck, bumped against her truck,] and then it made a big screech, and it kept screeching and screeching." (*Id.* at 7.) Rosalie honked her truck horn, yelled stop, and exited her truck. The truck that had hit hers was a light-colored older Chevrolet or GMC pickup. Rosalie confronted the truck's driver, VanVleet, and he looked "dumbfounded" and denied hitting her truck. (*Id.* at 9.) VanVleet refused to

---

[1] Ind. Code § 9-30-10-17(a)(1).

give her his license and insurance information, so Rosalie opened the bar door and yelled for Anthony to assist her.

[4] Anthony stepped outside, looked at the damage to the truck, and then approached VanVleet to ask him to exchange insurance information. VanVleet was alone, standing next to his truck. VanVleet's speech was slurred, and he appeared to be drunk. When VanVleet again refused to exchange information, Rosalie returned to the bar. Anthony talked to VanVleet for about ten minutes but returned to the bar without VanVleet's insurance information.

[5] After investigation, the State charged VanVleet with Level 5 felony operating a vehicle after forfeiture of license for life and Class B misdemeanor leaving the scene of an accident.[2] Prior to his bench trial, VanVleet stipulated he knew that his license was forfeited for life. After hearing evidence, the court found VanVleet guilty of operating a motor vehicle after forfeiture of license. The court imposed a four-year executed sentence.

# Discussion and Decision

[6] VanVleet claims the evidence is insufficient to prove he operated the truck that struck the Kepners' truck.

> Sufficiency-of-the-evidence claims face a steep standard of
> review: we consider only the evidence and reasonable inferences

---

[2] Ind. Code § 9-26-1-1.1.

most favorable to the convictions, neither reweighing evidence nor reassessing witness credibility. We affirm the judgment unless no reasonable factfinder could find the defendant guilty.

*Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016) (internal citations omitted). "It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict." *Steele v. State*, 42 N.E.3d 138, 144 (Ind. Ct. App. 2015).

[7] VanVleet asserts Rosalie "was the only person who identified VanVleet as the driver of the vehicle who struck her vehicle." (Br. of Appellant at 9.) While Rosalie may have been the only one outside the bar when VanVleet drove the truck into her truck, she was not the only one who identified VanVleet at trial.[3] During trial, Anthony identified VanVleet as the man with whom he talked for ten minutes outside the bar when he was trying to get insurance and identification information. (*See* Tr. Vol. 2 at 35.) The Kepners' identifications of VanVleet were sufficient to prove his identity as the man who had committed the charged crime. *See, e.g., Steele*, 42 N.E.3d at 144 (testimony of nurse, to

---

[3] VanVleet also cites minor inconsistencies between Rosalie's testimony and the report filed by the officer who responded to the bar that evening. However, none of those inconsistencies concerned the identity of the driver. They are instead requests for us to assess Rosalie's credibility, which we will not do. *See Mardis v. State*, 72 N.E.3d 936, 938 (Ind. Ct. App. 2018) (affirming murder conviction despite inconsistency in eyewitness testimony).

whom domestic battery victim identified defendant as batterer, was sufficient to support identification of defendant as person who committed crime).

# Conclusion

[8] The evidence was sufficient to prove VanVleet committed the crime in question, and we therefore affirm.

[9] Affirmed.

Baker, J., and Robb, J., concur.