## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2019, 9:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indiana University
Robert H. McKinney School of Law
Appellate Clinic

Austin Lensing
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Demanda Smith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 6, 2019

Court of Appeals Case No.
19A-CR-1395

Appeal from the Marion Superior Court

The Honorable Angela D. Davis, Judge
The Honorable Hugh Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-1811-F6-40043

**Baker, Judge.**

[1] Demanda Smith appeals her conviction for Class A Misdemeanor Domestic Battery,[1] arguing that the trial court erred by refusing to give a jury instruction on self-defense. Finding no error, we affirm.

# Facts

[2] On November 9, 2018, Omar Barrios was at his home with some friends. At some point, Smith, who was Barrios's ex-girlfriend, came to Barrios's home uninvited. Barrios's roommate asked him to let her come in, and he complied. Sometime later, Barrios felt Smith grab him from behind and bite him on the left side of his face near his cheek. She also bit his chin, the right side of his face, and multiple places on his back. At some point, someone pulled Smith off Barrios. Barrios later went to the emergency room, where he reported intense pain and received a tetanus booster, antibiotics, and pain medication. Medical personnel also had to close a laceration on the right side of his face. By the time of Smith's jury trial approximately five months later, some of Barrios's wounds were still healing and some of them had scarred.

[3] Someone called 911 and reported that Smith was "mutilating [Barrios] with her teeth . . . [and] biting pieces of his body." Tr. Ex. 12. The officers who responded found Smith in a bedroom; they noticed that she was intoxicated.

---

[1] Ind. Code § 35-42-2-1.3(a)(1).

Smith had blood around her mouth and on her shirt but had no visible injuries other than a small scratch on her face.

[4] On November 6, 2018, the State charged Smith with Level 6 felony battery resulting in moderate bodily injury, Class A misdemeanor domestic battery, Class A misdemeanor battery resulting in bodily injury,[2] and Class A misdemeanor criminal trespass.[3]

[5] Smith's jury trial took place on April 24, 2019. At trial, Smith testified to a different version of events. She claimed that at some point during the party, she went to Barrios's bedroom and found him with another woman. According to Smith, when Smith asked Barrios what he was doing, the other woman grabbed Smith by her head and hair and scratched her face. Smith then felt someone's hands around her neck and lost consciousness; the next thing she remembered was sitting outside on the ground in handcuffs. One of the jurors asked Smith whether she remembered biting Barrios; she responded that she "didn't touch [him]." Tr. Vol. II p. 129.

[6] Following the presentation of evidence, Smith tendered a self-defense jury instruction. The trial court refused to give the instruction because Smith had denied touching Barrios at all; therefore, the trial court found that it was not

---

[2] The State later dismissed this charge.

[3] During the jury trial, the trial court granted Smith's motion for a directed verdict on the criminal trespass charge.

"appropriate to give [a self-defense i]nstruction; I think it would be misleading." *Id*. at 132.

[7] The jury found Smith guilty of Class A misdemeanor domestic battery but was unable to reach a verdict on Level 6 felony battery resulting in moderate bodily injury. On May 20, 2019, the trial court sentenced Smith to 365 days in jail, with 363 days suspended to probation. Smith now appeals.

## Discussion and Decision

[8] Smith's sole argument on appeal is that the trial court erred when it refused to give her proffered jury instruction on self-defense. On review of a trial court's refusal to give a proposed jury instruction, we consider whether the instruction correctly states the law, is supported by the evidence, and is covered in substance by the other jury instructions. *McCowan v. State*, 27 N.E.3d 760, 763-64 (Ind. 2015). At issue here is whether the self-defense instruction was supported by the evidence.

[9] Generally, a defendant is entitled to have the jury instructed on any defense theory that has some foundation in the evidence. *Burton v. State*, 978 N.E.2d 520, 525 (Ind. Ct. App. 2012). This rule applies even if the evidence is weak and/or inconsistent, so long as the evidence has some probative value. *Id.*

[10] A valid claim of self-defense is a legal justification for an otherwise criminal act. *McCullough v. State*, 985 N.E.2d 1135, 1138 (Ind. Ct. App. 2013). Put another way, a person may be justified in using reasonable force against another person

to protect the person or a third party from what the person reasonably believes to be an imminent use of unlawful force. Ind. Code § 35-41-3-2(c).

[11] Here, even if we were to credit Smith's version of events, her testimony can be summarized as follows: (1) she found Barrios and another woman in a bedroom; (2) when Smith asked what they were doing, the other woman attacked Smith, who tried to defend herself; (3) Smith then felt hands around her neck and lost consciousness.[4] Smith explicitly denied touching Barrios and is not charged with anything related to force used against the other woman. Even if all of this were true, therefore, Smith does not allege that she committed an act—*i.e.*, battering Barrios—that would otherwise be criminal had she not been acting in self-defense. At no point did she state that she had touched Barrios—instead, she specifically denied it. Consequently, her theory of defense does not warrant a self-defense jury instruction because there is no evidence in the record supporting it.

[12] Smith directs our attention to *Young v. State* in support of her argument, but we find that case inapposite. 699 N.E.2d 252 (Ind. 1998). In *Young*, our Supreme Court found that Young, who had been convicted of murder, was entitled to a new trial when the trial court refused to give an instruction on the lesser-included offense of reckless homicide. The trial court based its refusal on

---

[4] Likewise, the State's version of events does not support a self-defense instruction because its evidence showed that Smith, without provocation, attacked Barrios from behind, biting him multiple times on his face and back.

Young's alibi defense, reasoning that if he denied committing the act altogether, he was not entitled to an instruction on a lesser-included offense. The State's evidence, including eyewitness accounts, showed that Young shot the victim. Based on that evidence, our Supreme Court found that the record contained "conflicting and obscure" evidence as to Young's mental state, leading to a "genuinely disputed matter" for the jury to resolve. *Id.* at 256-57.[5] Therefore, the *Young* Court reversed, holding that the trial court should have given the proffered jury instruction.

[13] Here, in contrast, there is no evidentiary dispute. Either (1) Smith attacked Barrios without provocation; or (2) Smith was attacked by the other woman but did not ever touch Barrios. In either case, self-defense is not implicated, and *Young* does not lead to a different result. The trial court in this case did not err by refusing to give the tendered jury instruction.

[14] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.

---

[5] We also note that there is a specific test for jury instructions on lesser-included offenses that applied in *Young* and does not apply here. First, the trial court must decide whether the lesser-included offense is inherently or factually included within the charged crime. *Young*, 699 N.E.2d at 255. Next, if the first prong is satisfied, the trial court must consider whether the evidence provided by the parties creates a serious evidentiary dispute about the element or elements that distinguish the greater from the lesser offense. *Id.* This test, which is not relevant to this appeal, is yet another reason that *Young* is not applicable to the case before us.