ATTORNEY FOR APPELLANT

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 30 2020, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tanya A. Littleton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 30, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-1159 <br><br> Appeal from the Franklin Circuit Court <br><br> The Honorable J. Steven Cox, Judge <br><br> Trial Court Cause No. <br> 24C01-1707-F3-1021 |

**Najam, Judge.**

## Statement of the Case

[1]  Tanya A. Littleton appeals her convictions for dealing in methamphetamine, as a Level 3 felony, and maintaining a common nuisance, a Level 6 felony, following a jury trial. She also appeals the court's order that she reimburse the

county for a portion of the attorney's fees incurred by her court-appointed counsel. Littleton raises two issues for our review, which we revise and restate as follows:

1. Whether the trial court erred as a matter of law when it did not tender her proffered jury instruction on the presumption of innocence.

2. Whether the trial court committed fundamental error when it ordered her to reimburse the county for a portion of the public defender's fees.

[2] We affirm.

## Facts and Procedural History

[3] In July 2017, Littleton was living in a detached two-car garage. Littleton often smoked methamphetamine in her residence with Richard Reese, who lived in the trailer next to the garage. Littleton "always" smoked methamphetamine with Reese when Reese wanted to get high, and Littleton "provided" the methamphetamine to Reese. Tr. Vol. 3 at 8, 18. In addition, "[l]ots of people" would go to Littleton's residence "and do meth." *Id.* at 13. It was a "social thing." *Id.*

[4] On July 29, officers with the Franklin County Sheriff's Department executed a search warrant at Littleton's residence. When officers arrived, Littleton and two other individuals were in the garage, and Reese was in the backyard with his two-year-old daughter. Reese directed the officers to a toolbox, where they

found a baggie that contained 1.17 grams of methamphetamine,[1] a digital scale, a firearm, and an empty plastic baggie. Throughout the rest of Littleton's residence, officers also found plastic corner baggies, another digital scale, pipes that contained "burnt black residue[]," and five cell phones. Tr. Vol. 2 at 179.

[5] The State charged Littleton with dealing in methamphetamine, as a Level 3 felony, and maintaining a common nuisance, a Level 6 felony. After her initial hearing, Littleton filed a motion for a court-appointed attorney. Following a hearing at which Littleton stated that she did not have any assets, the court found that Littleton was indigent and appointed counsel to represent her.

[6] Thereafter, a private attorney began representing Littleton. In his appearance, that attorney stated that Littleton was "indigent" and that he was representing her *pro bono*. Appellant's App. Vol. 2 at 54. Littleton's court-appointed attorney then filed a motion to withdraw his appearance. The court found that, "due to the change of [Littleton's] financial status," it would only grant the motion to withdraw on the condition that Littleton pay the county $693 for the attorney's fees her court-appointed attorney had incurred. *Id*. at 60. Specifically, the court stated that, "[i]f she can hire counsel, then she's no longer indigent[.]" Tr. Vol. 2 at 28. Littleton paid the fees without objection, and the court granted the court-appointed attorney's motion to withdraw his

---

[1] Officers found a second baggie that contained 0.92 gram of a white crystalline substance. However, due to the laboratory's schedule, it did not test the substance in that baggie.

appearance.  The matter then proceeded to a jury trial where Littleton was represented by private counsel.

[7]     At the beginning of her trial, Littleton proffered a preliminary jury instruction on the presumption of innocence.  Her proffered instruction read, in relevant part, as follows:

> Under the law of this State, a person charged with a crime is presumed to be innocent.  This presumption of innocence continues in favor of the Defendant throughout each stage of the trial and you should fit the evidence presented to the presumption that the Defendant is innocent, if you can reasonably do so.

Appellant's App. Vol. 2 at 82.  The trial court did not give that proffered instruction.[2]  Instead, the court instructed the jury that, "[u]nder the law of this State, a person charged with a crime is presumed to be innocent.  To overcome the presumption of innocence, the State must prove the defendant guilty of each essential element of the crime charged, beyond a reasonable doubt." *Id*. at 107.

[8]     Following the presentation of evidence, Littleton tendered the same instruction regarding the presumption of innocence.  The court declined to give her proffered final instruction and instead again instructed the jury that "a person charged with a crime is presumed to be innocent.  To overcome the

---

[2]  At the beginning of *voir dire*, the trial court mentioned that the parties had addressed all preliminary matters.  However, the transcript does not contain any discussion on preliminary jury instructions.

presumption of innocence, the State must prove the Defendant guilty of each essential element of the crime charged, beyond a reasonable doubt." *Id*. at 111. The court also instructed the jury that

> [t]he law presumes the Accused is innocent of any crime. The Accused enters upon the trial with this presumption in his/her favor, and it goes with him/her throughout the trial, step by step, and it is your duty to weigh the evidence from the standpoint of the Accused's innocence, if you can reasonably do so. The burden of proof throughout is with the State of Indiana not only when the trial begins, but throughout trial to its conclusion.

*Id*. at 121.

[9] The jury found Littleton guilty as charged. The court entered judgment of conviction accordingly and sentenced Littleton to an aggregate term of eleven years in the Department of Correction. This appeal ensued.

## Discussion and Decision

### Issue One:  Jury Instruction

[10] Littleton first asserts that the trial court erred as a matter of law when it refused to give her proffered preliminary and final jury instruction on the presumption of innocence. In general, trial courts have broad discretion on how to instruct the jury. *See McCowan v. State*, 27 N.E.3d 760, 763 (Ind. 2015). However, as it relates to jury instructions on the presumption of innocence, our Supreme Court has created a "bright-line rule" and declared that a

defendant in a criminal case is *per se* entitled to a jury instruction that the defendant is presumed innocent until proven guilty beyond a reasonable doubt. *In addition*, the defendant is entitled to request the following jury instruction, and the trial court *must give this instruction if requested*: "The presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so."

*Id*. at 766 (emphases added; citations omitted).

[11]     In other words, the Court held not only that a defendant is *per se* entitled to a jury instruction on the presumption of innocence but also that, when requested, our trial courts do not have discretion whether to instruct the jury that the presumption of innocence continues throughout the trial. Accordingly, where a trial court declines to give a proffered jury instruction that includes the language in *McCowan*, we consider whether the court erred as a matter of law, which is a question we review *de novo*. *See Claire's Boutiques, Inc. v. Brownsburg Station Partners LLC*, 997 N.E.2d 1093, 1097 (Ind. Ct. App. 2013) (where "the dispute is one of law rather than fact, our standard of review is *de novo*.").

[12]     As stated above, Littleton requested the following as both a preliminary and final jury instruction:

> Under the law of this State, a person charged with a crime is presumed to be innocent. This presumption of innocence continues in favor of the Defendant throughout each stage of the trial and you should fit the evidence presented to the presumption that the Defendant is innocent, if you can reasonably do so.

Appellant's App. Vol. 2 at 82.[3]  The court declined to give that instruction and instead provided its own instructions.  On appeal, Littleton asserts "the trial court was required to give the *McCowan* language if [she] requested it." Appellant's Br. at 15.  And she asserts that she "requested it."  *Id.*  Littleton maintains, in effect, that the trial court erred as a matter of law when it declined to give her proffered instruction.

[13]  While Littleton requested a jury instruction that contained almost the exact language as that provided in *McCowan*, the court refused to give that instruction and, instead, gave its own final jury instruction on the presumption of innocence.  Specifically, the court instructed the jury that the

> law presumes the Accused is innocent of any crime.  The Accused enters upon the trial with this presumption in his/her favor, and it goes with him/her throughout the trial, step by step, and it is your duty to weigh the evidence from the standpoint of the Accused's innocence, if you can reasonably do so.  The burden of proof throughout is with the State of Indiana not only when trial begins, but throughout the trial to its conclusion.

Appellant's App. Vol. 2 at 121.

[14]  It would have been the better practice for the trial court to give an instruction that included the same words prescribed by our Supreme Court, which would

---

[3] Littleton's proffered jury instruction contained additional language that was not included in *McCowan* and which the court did not give.  But Littleton "does not challenge the trial court's decision to refuse the non-*McCowan* language[.]"  Appellant's Br. at 14 n.1.

have obviated an appeal on this issue and the need for this Court to parse the language used in the instruction given. Nevertheless, we cannot say that the court erred as a matter of law when it instructed the jury.

[15] In *McCowan*, the Supreme Court stated unambiguously that a defendant is entitled to a jury instruction that she is presumed innocent until proven guilty beyond a reasonable doubt and, when requested, an instruction that: the "presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so." *McCowan*, 27 N.E.3d at 766. While the Court in *McCowan* designated a specific instruction to be given when requested, we do not believe the Court intended that trial courts only give that instruction verbatim. Rather, we understand *McCowan* to require our trial courts to give a jury instruction that a defendant is presumed innocent until proven guilty beyond a reasonable doubt and also, if requested, an instruction that the presumption of innocence continues throughout the trial and that the jury should consider the evidence under the presumption of innocence.

[16] Here, the court instructed the jury that the "law presumes the Accused is innocent of any crime" and that the "Accused enters upon the trial with this presumption in his/her favor, and it goes with him/her throughout the trial, step by step, and it is your duty to weigh the evidence from the Standpoint of the Accused's innocence if you can reasonably do so." Appellant's App. Vol. 2 at 121. That instruction, while stated differently than the language provided in *McCowan*, contained the same substantive information as the instruction in

*McCowan*. Namely, it instructed the jury that Littleton was presumed innocent of any crime, that that presumption continued with her throughout the trial, and that the jury was to consider the evidence under the presumption that she is innocent if reasonably possible. Accordingly, we conclude that the instruction given was equivalent to the instruction in *McCowan*.

[17] Importantly, we note that Littleton has not identified significant differences between her proffered instruction and the final instructions the court gave. Nor has she explained what impact this deviation from the *McCowan* instruction may have had on the jury or how she was prejudiced by the court's decision to give instructions that were equivalent in substance to the instruction provided in *McCowan* instead of hers. In other words, Littleton has failed to show that there was a substantial and material difference between the instruction prescribed by our Supreme Court and the instruction actually given. Rather, Littleton simply argues that the court erred when it did not give an instruction that included the precise language the Supreme Court used in *McCowan*. But as discussed above, the court's final instruction, while not exactly the same as the instruction in *McCowan*, provided the same information to the jury.

[18] While our trial courts generally have discretion when instructing the jury, where our Supreme Court has directed that a specific instruction be given, we urge trial courts to use that language. But, here, despite the trial court's use of its own instruction over an instruction close to that provided in *McCowan*, we hold that the court did not err as a matter of law when it instructed the jury. We therefore affirm Littleton's convictions.

### Issue Two:  Public Defender Fee

[19]     Littleton next asserts that the trial court committed fundamental error when it ordered her to pay $693 in public defender fees after her private counsel entered his appearance.  Littleton acknowledges that she paid the fee without objecting or otherwise challenging the trial court's order.  Thus, to prevail on appeal, Littleton must demonstrate that the court committed fundamental error.

[20]     The fundamental error rule is "extremely narrow" and occurs "only when the error 'constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'"  *Kimbrough v. State*, 911 N.E.2d 621, 634 (Ind. Ct. App. 2009) (quoting *Boesch v. State*, 778 N.E.2d 1276, 1279 (Ind. 2002)).

[21]     On appeal, Littleton makes thorough and cogent argument on the question of whether the trial court abused its discretion when it ordered her to pay the public defender fee.  But the question presented here is not whether the court abused its discretion.  The question is whether any error by the trial court amounted to fundamental error.  Littleton's argument on the question of fundamental error is inadequate and consists only of the following:

> The trial court's decision to order Ms. Littleton to reimburse the county for the cost of her court-appointed counsel's representation, despite no evidence that she was able to pay that cost, was a clear violation of her right to the appointment of counsel at taxpayer expense and, therefore, fundamental error.

Appellant's Br. at 22. In essence, her argument is simply that the court committed fundamental error when it imposed that fee because it violated a constitutional right.

[22] But to invoke the doctrine of fundamental error, "it is not enough to urge that a constitutional right is implicated." *Dickerson v. State*, 957 N.E.2d 1055, 1057 (Ind. Ct. App. 2011). Instead, the defendant must demonstrate that the constitutional error worked to her actual and substantial disadvantage, infecting and tainting the entire trial. *See id*. In other words, "the error must be so prejudicial to the rights of the defendant to make a fair trial impossible." *Id*.

[23] On appeal, Littleton does not explain how the imposition of public defender fee worked to her actual and substantial disadvantage, how it made a fair trial impossible, or how it denied her fundamental due process. Because Littleton has not made cogent argument in support of her fundamental error claim, it is waived. Waiver notwithstanding, the record demonstrates that, following her request for a public defender, Littleton was represented by either a court-appointed attorney or her private attorney throughout the underlying proceedings. Accordingly, even if the court erred when it ordered her to pay the public defender's attorney's fees, we cannot say that any error amounted to fundamental error.

[24] In sum, we affirm Littleton's convictions and the court's order that she pay $693 to the county for the public defender's fees.

Affirmed.

Riley, J., and Crone, J., concur.