**Dean Allen HANCOCK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9106–CR–239.

Court of Appeals of Indiana,
Second District.

Feb. 11, 1992.

Steven P. Meyer, Merritt & Troemel, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Dean Allen Hancock appeals his conviction of operating a motor vehicle while driving privileges are suspended for life.[1]

We affirm.

### ISSUE

Whether the trial court erred in instructing the jury that

[w]hile the State must in a criminal case prove the defendant guilty of the crime charged in the Information beyond a reasonable doubt, it need not be proved beyond all possible doubt, for such proof could seldom, if ever, be produced.

Record at 261.

### FACTS

Hancock was charged with operating a motor vehicle on September 26, 1990, while his driving privileges were suspended for life. He was convicted of the charge and sentenced to a five-year term of imprisonment with three years suspended. He appeals.

### DISCUSSION

In *United States v. Shaffner* (1975), 7th Cir., 524 F.2d 1021, *cert. denied* (1976), 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327, the United States Court of Appeals for the Seventh Circuit considered a similar instruction. The *Shaffner* instruction read, in pertinent part:

It is not necessary for the government to prove the guilt of the defendant beyond all possible doubt. If that were the rule, few men, however guilty they might be, would be convicted.

*Shaffner*, 524 F.2d at 1023. Although it disapproved the instruction, the court affirmed Shaffner's conviction because the evidence of his guilt was so overwhelming the instruction could not have been instrumental in the jury's verdict.

In *Simmons v. State* (1983), Ind.App., 455 N.E.2d 1143, this court considered the same instruction to which Hancock objected. Based on *Shaffner*, this court specifically disapproved the subject instruction but also found the evidence of Simmons's guilt was so overwhelming he could not have been prejudiced by any error in the instruction.

Here, we again specifically disapprove the instruction and caution against its future use. Nevertheless, we affirm Hancock's conviction because the evidence is overwhelming. Lafayette Police Officer Chris Schiuszi testified Hancock was the only person in the car when Schiuszi stopped it after following the car for some time. The officer's check of Hancock's driving record showed Hancock's driving privileges had been suspended for life. Bureau of Motor Vehicles records showed notice was mailed to Hancock on January 30, 1989, informing him of his life suspension as ordered by the Tippecanoe Superior Court 2 on January 9, 1989. Hancock testified he was driving the automobile just before Schiuszi stopped him and that he knew his driving privileges were suspended for life. (Record at 189–90). Finally, Julie Hancock, Hancock's ex-wife, testified Hancock knew his driving privileges were sus-

---

1. IC 9–12–3–2 (1988), repealed by P.L. 2–1991, SEC. 109. Now codified as IC 9–30–10–17 (1991 Supp.).

pended for life. (Record at 216.) Thus, as in *Shaffner*, the evidence is overwhelming and the challenged instruction could not have been instrumental in Hancock's conviction.

Judgment affirmed.

BUCHANAN and STATON, JJ., concur.