## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 17 2020, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew J. Baldwin
Baldwin, Perry & Kamish P.C.
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Erik Valdez,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*

December 17, 2020

Court of Appeals Case No.
19A-CR-1011

Appeal from the Clark Circuit Court

The Honorable Vicki L. Carmichael, Judge

Trial Court Cause No.
10C04-1601-F3-3

**Weissmann, Judge.**

[1] Erik Valdez claims the trial court should have instructed the jury to view the evidence against him through the lens of presumed innocence. As the jury received such direction, albeit not through Valdez's instruction rejected by the trial court, we find no error. Accordingly, we affirm Valdez's convictions.

# Facts

[2] Valdez was charged with Battery and Neglect of a Dependent arising from serious injuries he inflicted on his four-month-old son. At Valdez's trial, from which he was absent, Valdez's counsel requested the trial court instruct the jury:

> If the conduct of the accused, Erik Valdez[,] could be interpreted reasonably in more than one fashion, at least one of which is innocent, then you should presume his conduct was in fact innocence (sic).

App. Vol. III pp. 139-40.

[3] The trial court rejected Valdez's tendered instruction. Instead, the court instructed the jury:

> Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the Defendant guilty of each element of the crime charged, beyond a reasonable doubt.
>
> The Defendant is not required to present any evidence to prove innocence or to prove or explain anything. You should fit the evidence to the presumption that the defendant is innocent if you can do so.

App. Vol. IV p. 67.

[4] The jury found Valdez guilty, and the trial court imposed a nine-year sentence.

## Discussion and Decision

[5] Valdez claims he is entitled to a new trial because the trial court chose its own instruction over his. He relies exclusively on our Supreme Court's decision in *McCowan v. State*, 27 N.E.3d 760 (Ind. 2015), where the Court ruled a criminal defendant is entitled to the following jury instruction upon his request:

> The presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so.

A trial court has discretion to reject any tendered instruction which offers different or supplemental language. *Id.*

[6] Valdez's proposed instruction differs from the mandatory instruction in McCowan. Therefore, we must determine whether the trial court abused its discretion in rejecting Valdez's version. An abuse of discretion occurs when the rejected instruction correctly stated the law, was supported by the evidence presented at trial, and contained directives not covered by other jury instructions. *Id.* at 763-764, 766.

[7] Valdez contends his instruction correctly stated the law, was supported by the evidence, and was not covered by other instructions. We find that last issue dispositive because the substance of Valdez's proposed instruction was covered

by the trial court's instruction. According to Valdez, none of the instructions informed the jury how to "treat multiple interpretations of the evidence." Appellant's Brief, p. 11. Valdez is incorrect. The court specifically charged the jury to "fit the evidence to the presumption that the defendant is innocent if you can do so." A jury would not need "to fit the evidence to the presumption of innocence" unless that evidence were capable of more than one interpretation. By its very nature, evidence of culpability susceptible to only one interpretation can support either guilt or innocence—but not both.

[8] Furthermore, the trial court's presumption of innocence instruction contained language identical to the *McCowan* model instruction. The trial court's instruction simply contained an additional paragraph, which correctly stated the law. *See McCowan*, 27 N.E.3d at 762, 767 (finding jury properly instructed when the instructions included the additional language found in the trial court's instruction in Valdez's case). We conclude Valdez received what he sought: an instruction directing the jury to view the evidence through a presumption of innocence lens.

[9] No instructional error occurred. Even if it had, our decision would be unchanged because the evidence against Valdez was overwhelming. We reverse only where the defendant is prejudiced by the improper rejection of a tendered instruction. *Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015). The child's injuries first became apparent while Valdez cared for the child alone. Valdez admitted grabbing the infant's face and causing bruising. Valdez further admitted shaking the baby. Valdez offered up a medically implausible

explanation to explain his son's rib fractures. Although Valdez believed the child was dying, he did not call an ambulance or take the child to the hospital for eleven hours after the baby became unresponsive. Valdez even advised the infant's mother that they should not take their baby to the hospital due to the bruising.

[10] We are confident regardless of which instruction the jury received, the result would have been the same. *See Hancock v. State*, 585 N.E.2d 1371, 1372-1373 (Ind. Ct. App. 1992) (finding no prejudice from improper jury instruction where evidence of guilt was overwhelming). Accordingly, we find no error.

[11] The judgment of the trial court is affirmed.

Mathias, J., and Altice, J., concur.